UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENIA FOX, as Personal Representative
of the Estate of DARRIN GRANT, JR.,
Deceased, and TRAYNARD POITIER,

        Plaintiff,

v.                                            CASE NO.:

MARCOS R. LOPEZ, in his official capacity as
Sheriff of Osceola County, Florida; JOANATHAN
RIVERA-AGUILAR, individually;

        Defendants.

_____/

## NOTICE OF REMOVAL

*To the Judges of the United States District Court for the Middle District of Florida:*

The notice of Defendants Marcos R. Lopez,[1] in his official capacity as Sheriff of Osceola County, Florida, and Joanathan Rivera-Aguilar[2], individually, respectfully show:

1.     On March 20, 2020, an action was commenced by the filing of a complaint in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, entitled *Eugenia Fox, individually, and as Personal Representative of the Estate of Darrin Grant, Jr., Deceased, and Traynard Poitier v. Russ Gibson, in his official capacity as Sheriff of Osceola County, Florida; Deputy John Doe 1, Deputy John Doe 2, Deputy John Doe 3, and Deputy John Doe 4, individually.*

---

[1] The Sheriff is sued in his official capacity. The Sheriff at the time was Russ Gibson and he is the Defendant named in the original and recent Amended Complaint. However, the newly-elected Sheriff of Osceola County is Marcos R. Lopez. Pursuant to Federal Rule of Civil Procedure 25(d), Sheriff Lopez is automatically substituted for Sheriff Gibson.

[2] Misspelled in the Amended Complaint as Jonathan Rivera-Aguilar.

Case No.: 2020 CA 000856. The complaint involved claims of a high-speed pursuit resulting in the crash in which vehicle passengers Mr. Grant died and Mr. Poitier was injured. All claims were for state law negligence.

2. On July 6, 2020, Defendant Sheriff filed an Amended Motion to Dismiss all claims in part on grounds that Florida law bars the negligence claims as there is no actionable duty of care to passengers in a pursued vehicle.

3. On January 5, 2021, and prior to hearing or ruling on Defendant Sheriff's Amended Motion to Dismiss, Plaintiffs filed an Amended Complaint. All documents filed in the state circuit court case as that record existed on January 15, 2021 are attached hereto as Composite Exhibit "A."

4. The above-described action is a civil action of which the District Courts of the United States have been given original jurisdiction in that claims in the Amended Complaint arise under the laws of the United States and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a).

5. Specifically, although the January 5, 2021 Amended Complaint contains claims labeled as state law negligence, Plaintiffs have amended their original complaint to now specifically invoke facts and entitlement to relief based on allegations of violations of federal constitutional rights.

6. For example, at paragraphs 13(f) and 14, and again at Paragraphs 32(f) and 33 of the January 5, 2021 Amended Complaint, Plaintiffs allege that the Sheriff had, and breached, various duties which included the duty to "Discipline regarding excessive force incidents which resulted in violations of constitutional rights by Osceola County Sheriff Officers." In paragraphs 14(a) and 33(a), Plaintiffs allege that the Sheriff "Failed to adequately train and supervise its

Case 6:21-cv-00115   Document 1   Filed 01/15/21   Page 3 of 6 PageID 3

employees, agents, and/or servants on how to appropriately evaluate threats and how to use appropriate level of force, especially when dealing with a diverse population of people." Similar allegations are made at paragraph 50(a).

7.      These allegations characterize a high-speed pursuit as an attempt to arrest (See also paragraphs 13(c), 14(b), 25, 32(c), 33(b)) and/or as unlawful use of excessive force. Liability as to the Sheriff is expressly described as founded at least in part on failure to discipline for violations of constitutional rights.

8.      None of the allegations of a breach of a duty to train as to constitutional rights, or any allegation of use of excessive force appeared in the original March 20, 2020 complaint. These new allegations, added to the January 5, 2021 Amended Complaint, are *in substance* allegations of unconstitutional conduct and liability to the Sheriff under *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978).

9.      Although each count is labeled as a form of state law negligence, in determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *Starkstein v. Merrill, Lynch, et al*, Case No. 81-298-Orl, 1982 WL 26560 * 1 (M.D.Fla. January 25, 1982) "[The] accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law.") (citations omitted). Even where Plaintiff contends that he seeks relief only under state law, under the well-pleaded complaint rule the allegations of the complaint determine whether a claim is sufficiently based on claims or theory of relief involving federal law so as to confer jurisdiction. See e.g. *Santana v. City of Hialeah*, Case No. 1:08-cv- 22104, 2009 WL 10699956 (S.D.Fla. June 24, 2009) (Plaintiff's

statement that he did not seek relief under federal law did not defeat federal jurisdiction).

10.     Of note in *Santana*, the issues of removal, jurisdiction, and remand arose almost a year into discovery.  The district court found that it had jurisdiction and declined to remand, but granted Plaintiff's motion to dismiss his §1983 claim.  While the court might ordinarily have then remanded the complaint back to state court sans the dismissed federal claim, in light of the fact that the case had been pending so long in the district court, the court elected to retain jurisdiction over what were now just state law claims.  In this case, Defendants are compelled to remove the case to this Court because of allegations invoking federal civil rights claims and *Monell* liability.  Such allegations were *added* into the January 5, 2021 Amended Complaint, and perhaps designed to have the unwary fail to recognize the trigger of a statutory obligation to remove within 30 days, else be foreclosed from doing so when the federal basis for relief is plead more clearly at a later date.  Plaintiffs ultimately control via their allegations whether this Court has jurisdiction.  It would seem that in this case, which unlike *Santana* has not been pending in this Court for a lengthy period, an amendment which removes **all** such theories of federal relief might well justify remand, but only if Plaintiffs make it completely clear that they are not attempting to base liability on a federal right.

11.     In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within thirty (30) days after receipt by Defendants through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, pursuant to 28 U.S.C. § 1446(b).  Specifically, Sheriff Lopez was served with the Amended Complaint on January 5, 2021.  Defendant Rivera-Aguilar has not been served as of this date but consents in and joins this Notice of Removal.

12.     By reason of the premises, Defendants desire and are entitled to have this cause removed from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, such being the district where said suit is pending.

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of all process, pleadings, orders and other papers or exhibits of every kind served upon Defendants and on file in the state circuit court case are attached hereto.

14.     Written notice of the filing of this notice of removal will be given to all adverse parties, as required by law.

15.     A true copy of this notice of removal will be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

WHEREFORE, Defendants Marcos R. Lopez, in his official capacity as Sheriff of Osceola County, Florida, and Joanathan Rivera-Aguilar, individually, pray that this action be removed to this Court and this Court accept the jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __15th__ day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via electronic mail to the following:     Gregorio A. Francis, Esquire and Benjamin C. Garcia, Esquire (*Bgarcia@Realthoughlawyers.com* and *Gowens@Realthoughlawyers.com*), Osborne & Francis, PLLC, 805 S. Kirkman Road, Suite 205, Orlando, Florida 32811.

THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
*poulton@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:     407-673-5000
Facsimile:     321-203-4304
Attorneys for Defendants
Sheriff and Rivera-Aguilar