IN THE CIRCUIT COURT IN AND
FOR OSCEOLA COUNTY, FLORIDA

EUGENIA FOX, as Personal Representative
of the Estate of DARRIN GRANT JR.,
Deceased, and TRAYNARD POITIER

CASE NUMBER: 2020-CA-000856

    Plaintiffs,

v.

RUSS GIBSON, in his official capacity as
Sheriff of Osceola County, Florida; JONATHAN
RIVERA-AGUILAR, individually;

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, ("DARRIN GRANT JR") and TRAYNARD POITIER, by and through their undersigned attorneys and sue the Defendants RUSS GIBSON ("SHERIFF GIBSON"), in his official capacity as Sheriff of Osceola County, Florida and JONATHAN RIVERA-AGUILAR (hereinafter referred to as "DEPUTY RIVERA-AGUILAR," individually, in support thereof would state the following:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages in excess of $30,000.00, exclusive of cost, interest, and attorneys' fees.

2. This cause of action arose on March 22, 2018, in Orlando, Orange County, Florida.

3. The Plaintiff, EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, was at all times material to this cause of action, a resident of Orlando, Orange County, Florida.

4. The Plaintiff, TRAYNARD POITIER, was at all times material to this cause of action, a resident of Orlando, Orange County, Florida.

5. At all times material to this action, Defendant SHERIFF GIBSON was the elected sheriff of

Osceola County, Florida, and acting under the color of law. SHERIFF GIBSON was responsible for, in part, the policies, procedures, and customs of the Osceola County Sheriff's Office. He was also responsible for the hiring, training, and supervision of all deputies. At all times hereto, SHERIFF GIBSON employed Defendant, DEPUTY RIVERA-AGUILAR as a deputy with the Osceola County Sheriff's Office. SHERIFF GIBSON resides in Osceola County, Florida and is sued in his official capacity

6. At all times material to this action, Defendant DEPUTY RIVERA-AGUILAR was a deputy sheriff employed by the Osceola County Sheriff's Office, acting within the course and scope of his employment and under the color of law.

7. Venue is proper in Osceola County, Florida under *Carlile v. Game & Fresh Water Fish Commission*, 354 So.2d 362 (Fla. 1977), as it is proper to sue an agency of the state in the county where the agency maintains its principal headquarters.

8. All conditions precedent to the maintenance of Florida common law tort actions against required Defendants have been fulfilled pursuant to §768.28, Florida Statutes, and no action was taken on the claim within six months after it was filed.

## COUNT I-
## DARRIN GRANT, JR., NEGLIGENCE CLAIM AGAINST SHERIFF GIBSON

9. Plaintiff, EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, reiterates, re-alleges, and adopts the foregoing paragraphs 1 through 8 herein above, and further allege:

10. At all times material to this cause of action, DEPUTY RIVERA-AGUILAR, was duly appointed as a deputy with the Osceola County Sheriff's Office, as such, SHERIFF GIBSON, was responsible for DEPUTY RIVERA-AGUILAR's unlawful, intentional, and/or negligent actions.

11. On or about March 22, 2018, Plaintiff, DARRIN GRANT, JR., was traveling in a vehicle that was being unlawfully chased by Defendant DEPUTY RIVERA-AGUILAR, at a high rate of speed.

12. On or about March 22, 2018, Defendant DEPUTY RIVERA-AGUILAR acted with gross negligence when he decided to drive his patrol vehicle over 100 miles per hour, chasing the vehicle Plaintiffs were traveling in, causing DARRIN GRANT, JR., to be ejected from the vehicle after striking a tree, and consequently died at the scene of the subject accident.

13. Defendant, SHERIFF GIBSON, had certain duties which it owed to the Plaintiff, DARRIN GRANT, JR, including but not limited to the following:

    a. Duty to protect and serve DARRIN GRANT JR when enforcing the law;
    b. Assist members in the safe performance of their duties;
    c. Regulate the manner in which arrests are undertaken and performed;
    d. Regulate the manner in which emergency response and vehicular pursuit are undertaken and performed;

    e. Set training, supervision and disciplinary policies and assuring that they are followed;
    f. Discipline regarding excessive force incidents which result in violations of constitutional rights by Osceola County Sheriff Officers; and
    g. Duty to adequately train and supervise its employees, agents, and/or servants to not create dangerous conditions with regard to the safety of DARRIN GRANT JR.

14. Defendant, SHERIFF GIBSON, breached its duties by committing one or more of the following acts or omissions:

    a. Failed to adequately train and supervise its employees, agents, and/or servants on how to appropriately evaluate threats and how to use the appropriate level of force, especially when dealing with a diverse population of people;
    b. Failed to create and follow specific guidelines that will contribute to the safety and facilitate apprehension of criminal offenders;
    c. Failure to properly supervise or otherwise act to ensure that officers of the Osceola County Sheriff's Department, including Defendant DEPUTY RIVERA-AGUILAR, acted appropriately during the course of his employment with the SHERIFF GIBSON;
    d. Failure to ensure that rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect DARRIN GRANT JR., are followed and obeyed by officers with SHERIFF GIBSON; and
    e. Otherwise failing to exercise due care under the circumstances.

15. DEPUTY RIVERA-AGUILAR was at all material times hereto the employee, appointee and/or agent of the Defendant, SHERIFF GIBSON.

16. The acts described above occurred during working hours, and occurred in the course and scope of the performance of DEPUTY RIVERA-AGUILAR's duties.

17. The negligent acts of DEPUTY RIVERA-AGUILAR were committed in the actual or apparent course and scope of his employment or agency with SHERIFF GIBSON.

18. As a direct and proximate result of DEPUTY RIVERA-AGUILAR's negligence, Darrin Grant Jr. lost his life, ultimately leaving behind a family that loved him dearly.

19. Under the Doctrine of Respondeat Superior, SHERIFF GIBSON is responsible for the negligent, reckless and/or intentional actions of its servant, DEPUTY RIVERA-AGUILAR, committed in the actual or apparent scope of his duties.

WHEREFORE, the Plaintiff EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, sues the Defendant, SHERIFF GIBSON for damages and seeks a sum in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs and demands a trial by jury.

## COUNT II-
## NEGLIGENT SUPERVISION AND RETENTION AGAINST SHERIFF GIBSON

20. Plaintiff, EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, reiterates, re-alleges, and adopts the foregoing paragraphs 1 through 19 herein above, and further allege:

21. At all material times relevant hereto, SHERIFF GIBSON owed a duty to Plaintiff, when hiring, retaining, supervising, and evaluating law enforcement agents.

22. SHERIFF GIBSON also had a duty to adequately train and supervise its employees, agents, and/or servants to not create dangerous conditions with regard to the pursuit of vehicles fleeing.

23. At all relevant times, SHERIFF GIBSON knew or in the exercise of reasonable care should have known that DEPUTY RIVERA-AGUILAR was unfit, irresponsible, dangerous, and a threat to the health, safety and welfare of DARRIN GRANT JR.

24. On multiple occasions prior to the subject accident, DEPUTY RIVERA-AGUILAR violated policies and procedures in place regarding high speed chases.

25. In breach of its duty of care, SHERIFF GIBSON negligently failed to timely, adequately, and appropriately supervise DEPUTY RIVERA-AGUILAR's interactions and manner in which arrests are undertaken and performed.

26. In breach of its duty of care, SHERIFF GIBSON negligently retained DEPUTY RIVERA-AGUILAR when SHERIFF GIBSON knew, or should have known, of DEPUTY RIVERA-AGUILAR's propensity to not follow policies and procedures in place for law enforcement agents, and otherwise lead to kill DARRIN GRANT JR.

27. As a direct and proximate result of SHERIFF GIBSON's continuing negligent supervision and retention of DEPUTY RIVERA-AGUILAR, DARRIN GRANT JR lost his life, ultimately leaving behind a family that loved him dearly.

WHEREFORE, the Plaintiff EUGENIA FOX, as Personal Representative of the Estate of DARRIN GRANT JR., Deceased, sues the Defendant, SHERIFF GIBSON for damages and seeks a sum in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs and demands a trial by jury.

## COUNT III-
## TRAYNARD POITIER, NEGLIGENCE CLAIM AGAINST SHERIFF GIBSON

28. Plaintiff, TRAYNARD POITIER, reiterates, re-alleges, and adopts the foregoing paragraphs 1 through 27 herein above, and further allege.

29. At all times material to this cause of action, DEPUTY RIVERA-AGUILAR, was duly appointed as a deputy with the Osceola County Sheriff's Office, as such, SHERIFF GIBSON, was responsible for DEPUTY RIVERA-AGUILAR's unlawful, intentional, and/or negligent actions.

30. On or about March 22, 2018, Plaintiff, TRAYNARD POITIER., was traveling in a vehicle that was being unlawfully chased by Defendant DEPUTY RIVERA-AGUILAR, at a high rate of speed.

31. On or about March 22, 2018, Defendant DEPUTY RIVERA-AGUILAR acted with gross negligence when he decided to drive his patrol vehicle over 100 miles per hour, chasing the vehicle Plaintiffs were traveling in, causing TRAYNARD POITIER., to be ejected from the vehicle after striking a tree, and consequently was left in the middle of the road in critical condition.

32. Defendant, SHERIFF GIBSON, had certain duties which it owed to the Plaintiff, TRAYNARD POITIER, including but not limited to the following:

    a. Duty to protect and serve TRAYNARD POITIER when enforcing the law;
    b. Assist members in the safe performance of their duties;
    c. Regulate the manner in which arrests are undertaken and performed;
    d. Regulate the manner in which emergency response and vehicular pursuit are undertaken and performed;
    e. Set training, supervision and disciplinary policies and assuring that they are followed;
    f. Discipline regarding excessive force incidents which result in violations of constitutional rights by Osceola County Sheriff Officers; and
    g. Duty to adequately train and supervise its employees, agents, and/or servants to not create dangerous conditions with regard to the safety of TRAYNARD POITIER.

33. Defendant, SHERIFF GIBSON, breached its duties by committing one or more of the following acts or omissions:

    a. Failed to adequately train and supervise its employees, agents, and/or servants on how to appropriately evaluate threats and how to use the appropriate level of force, especially when dealing with a diverse population of people;
    b. Failed to create and follow specific guidelines that will contribute to the safety and facilitate apprehension of criminal offenders;
    c. Failure to properly supervise or otherwise act to ensure that officers of the Osceola County Sheriff's Department, including Defendant DEPUTY RIVERA-AGUILAR, acted appropriately during the course of his employment with SHERIFF GIBSON;
    d. Failure to ensure that rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect TRAYNARD POITIER, are followed and obeyed by officers with SHERIFF GIBSON; and

  e. Otherwise failing to exercise due care under the circumstances.

34. DEPUTY RIVERA-AGUILAR was at all material times hereto the employee, appointee and/or agent of the Defendant, SHERIFF GIBSON.

35. The acts described above occurred during working hours, and occurred in the course and scope of the performance of DEPUTY RIVERA-AGUILAR's duties.

36. The negligent acts of DEPUTY RIVERA-AGUILAR were committed in the actual or apparent course and scope of his employment or agency with SHERIFF GIBSON.

37. As a direct and proximate result of DEPUTY RIVERA-AGUILAR's negligence, the Plaintiff, TRAYNARD POITIER, suffers from significant injuries, from emotional distress and great anguish, embarrassment, disability, humiliation and has been less able to lead a normal life and his capacity for the enjoyment of life has greatly diminished and will continue to be so in the future.

38. Under the Doctrine of Respondeat Superior, SHERIFF GIBSON is responsible for the negligent, reckless and/or intentional actions of its servant, DEPUTY RIVERA-AGUILAR, committed in the actual or apparent scope of his duties.

  WHEREFORE, the Plaintiff TRAYNARD POITIER sues the Defendant, SHERIFF GIBSON for damages and seeks a sum in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs and demands a trial by jury.

## COUNT IV-
## NEGLIGENT SUPERVISION AND RETENTION AGAINST SHERIFF GIBSON

39. Plaintiff, TRAYNARD POITIER reiterates, re-alleges, and adopts the foregoing paragraphs 1 through 38 herein above, and further allege:

40. At all material times relevant hereto, SHERIFF GIBSON owed a duty to Plaintiff, when hiring, retaining, supervising, and evaluating law enforcement agents.

41. SHERIFF GIBSON also had a duty to adequately train and supervise its employees, agents, and/or servants to not create dangerous conditions with regard to the pursuit of vehicles fleeing.

42. At all relevant times, SHERIFF GIBSON knew or in the exercise of reasonable care should have known that DEPUTY RIVERA-AGUILAR was unfit, irresponsible, dangerous, and a threat to the health, safety and welfare of TRAYNARD POITIER.

43. On multiple occasions prior to the subject accident, DEPUTY RIVERA-AGUILAR violated policies and procedures in place for high speed chases.

44. In breach of its duty of care, SHERIFF GIBSON negligently failed to timely, adequately, and appropriately supervise DEPUTY RIVERA-AGUILAR's interactions and manner in which arrests are undertaken and performed.

45. In breach of its duty of care, SHERIFF GIBSON negligently retained DEPUTY RIVERA-AGUILAR when SHERIFF GIBSON knew, or should have known, of DEPUTY RIVERA-AGUILAR's propensity to not follow policies and procedures in place for law enforcement agents, and otherwise lead to harm TRAYNARD POITIER.

46. As a direct and proximate result of SHERIFF GIBSON's continuing negligent supervision and retention of DEPUTY RIVERA-AGUILAR, the Plaintiff, TRAYNARD POITIER, suffers from significant injuries, from emotional distress and great anguish, embarrassment, disability, humiliation and has been less able to lead a normal life and his capacity for the enjoyment of life has greatly diminished and will continue to be so in the future.

WHEREFORE, the Plaintiff TRAYNARD POITIER sues the Defendant, SHERIFF GIBSON for damages and seeks a sum in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs and demands a trial by jury.

## COUNT V-
## TRAYNARD POITIER AND DARRIN GRANT JR'S
## NEGLIGENCE CLAIM AGAINST DEPUTY RIVERA-AGUILAR

47. Plaintiffs, DARRIN GRANT JR and TRAYNARD POITIER, reiterates, re-alleges, and adopts the foregoing paragraphs 1 through 46 herein above, and further allege:

48. On or about March 22, 2018, Defendant DEPUTY RIVERA-AGUILAR acted with gross negligence and/or with willful or wanton disregard for Plaintiffs, DARRIN GRANT JR and TRAYNARD POITIER's safety, when he decided to drive his patrol vehicle over 100 miles per hour, chasing the vehicle in which Plaintiffs were passenger riders, causing Plaintiffs to be ejected from the vehicle after crashing into a tree, causing severe injuries to the Plaintiff, TRAYNARD POITIER and killed Plaintiff, DARRIN GRANT JR.

49. Defendant DEPUTY RIVERA-AGUILAR had certain duties which it owed to the Plaintiffs, DARRIN GRANT JR and TRAYNARD POITIER., including but not limited to the following:

    a. Duty to protect and serve DARRIN GRANT JR and TRAYNARD POITIER when enforcing the law;
    b. Assist DARRIN GRANT JR and TRAYNARD POITIER in the safe performance of his duties;
    c. Regulate the manner in which arrests are undertaken and performed;
    d. Regulate the manner in which emergency response and vehicular pursuit are undertaken and performed; and

  e. Follow training, supervision and disciplinary policies and assuring that they are followed.

50. Defendant, DEPUTY RIVERA-AGUILAR, breached its duties by committing one or more of the following acts or omissions:

  a. Failed to follow specific training on how to appropriately evaluate threats and how to use the appropriate level of force, especially when dealing with a diverse population of people;
  b. Failed to follow specific guidelines that will contribute to the safety and facilitate apprehension of criminal offenders;
  c. Failure to act appropriately during the course of your employment with SHERIFF GIBSON; and
  d. Otherwise failing to exercise due care under the circumstances.

51. As a direct and proximate result of the negligence, wrongful and/or unlawful intentional actions of Defendants DEPUTY RIVERA-AGUILAR as aforementioned, the Plaintiffs, DARRIN GRANT JR and TRAYNARD POITIER, was caused to kill one person, injure Traynard's body, and/or an aggravation of pre-existing physical impairment and has engendered substantial and continuing medical and hospital bills, prejudgment interest on past medical expenses, lost wages and future lost wages, and he will continue to suffer said losses as a direct result thereof. In addition, the Plaintiff, has suffered pain, embarrassment, disability, humiliation and has been less able to lead a normal life and his capacity for the enjoyment of life has greatly diminished and will continue to be so in the future.

  WHEREFORE, the Plaintiffs DARRIN GRANT JR and TRAYNARD POITIER., sues the Defendant DEPUTY JOHN DOE for damages and seeks a sum in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs and demands a trial by jury.

  DATED this 5th day of January 2021.

              /s/ Gregorio A. Francis
              **GREGORIO A. FRANCIS, ESQUIRE**
              Florida Bar No.: 0008478
              /s/ Benjamin C. Garcia
              **BENJAMIN C. GARCIA, ESQUIRE**
              Florida Bar No.: 118676
              Osborne & Francis, PLLC
              805 S. Kirkman Rd., Suite 205
              Orlando, FL 32811
              Telephone: (407) 655-3333
              Facsimile: (407) 955-4865
              Primary: Bgarcia@Realtoughlawyers.com

Secondary: Gowens@Realtoughlawyers.com
Attorneys for Plaintiff